The opinion of the court was delivered by
Breaux, J.
This appeal was taken from a judgment rendered by the Sixth Recorder’s Court, imposing a fine of twenty-five dollars, or thirty days’ imprisonment, upon the president of the New Orleans City & Lake Railroad Company, under an ordinance adopted to compel persons operating street cars to sprinkle the streets through which their cars run. Under the terms of the ordinance it was made “ unlawful for any person, firm or corporation to operate any electric, trolley, or other cars or trains on the streets of this city without first providing in some reasonable manner for the sprinkling of the streets through which their cars run.”
The ordinance further provided, “ that any person, firm or corporation violating this ordinance shall be deemed guilty of a misdemeanor, and shall be subject to a fine of twenty-five dollars, ■or thirty days in the parish jail, or both, at the discretion of the recorder.”
The facts as developed by the testimony, offered by the plaintiff, are, that by reason of the velocity of the car, and its weight and its rapidly revolving wheels, volumes of dust are raised and wafted by the winds to the streets adjacent to the tracks; that the clouds of dust are counter to the health and comfort of the inhabitants. Several physicians of prominence testified that dust is injurious.
Regarding comfort,'there was no necessity of proving how annoying and uncomfortable are clouds of dust.
The defendant, as relates to the facts, showed that under its grant it was bound during the continuance of its franchise to keep in good order and repair all streets through which their lines run; between *1573 the rails and for one foot on each side of the rails; that sprinkling the streets through which its cars run would compel it to expend large amounts to defray the costs.
The defendant in the plea filed in the Recorder’s Court assailed the ordinance upon a number of grounds.
The first was that the ordinance was unreasonable.
No one disputes the proposition that an unreasonable ordinance should not be enforced.
The word “unreasonable” is here used in the- sense that an ordinance is inconsistent with the law of the land and the right to property.
From that point of view the courts have universally entertained jurisdiction to determine whether the ordinance was bindiug.
“It is,” said the court in Yick-Wo vs. Hopkins, Sheriff, 118 U. S., p. 371, “ an ancient jurisdiction of judicial tribunals to pronounce upon the reasonableness and consequent validity of ordinances. Ordinances must be reasonable,” citing Dillon on Municipal Corporations, 3d Ed., par. 319.
It remains for us to pass upon the question of unreasonabless vel non of the ordinance.
There is indefiniteness in the ordinance; it does not set forth with the least particularity what shall be done, or the extent of the service required in order to escape the penalty it ordained should be inflicted for not sprinkling the streets. The failure or performance may vary each day and in each locality where sprinkling may be required. No attempt was made to indicate how the work shall be done; the days the streets should be sprinkled; the capacity for sprinkling the sprinklers should have, and the number of sprinklings that should be applied each day, or at such time as may have been intended.
Without a matured plan covered by the terms of an ordinance, in regard to sprinkling the streets, nothing good or useful can be accomplished. It will give rise only to confusion and failure. Authority must issue its orders with such clearness and definiteness that it may be understood, and the work required should be specified so that performance can be required in every locality and from every one under some defined rule.
There should be some similarity in the work in each district. There can not be under the ordinance in hand. There should be a *1574 measure of duty imposed and those upon whom it is imposed should not be left to conjecture how much or how little they should do.
For the purpose of illustrating: No one ordinarily careful would enter into a formal written agreement with a contractor to sprinkle fifty-four (54) miles of street (the total lengths of defendant’s line) without specification of some kind as relates to the work required. The act to be done would not be indicated by the single word “sprinkle” in the contract. The contractor would never know when he i's exonerated from the obligation of his contract by performance. An ordinance imposing a duty “ to do ” should, contain some of the elements of certainty usual in private contracts.
This brings us to the objection that the ordinance is not equal and uniform in its operations, and imposes an unjust and oppressive burden upon a particular class of persons or corporations.
In so far as relates to the work of “ sprinkling ” the streets from ■curb to curb, less that portion over which defendant has a franchise, in our judgment the requirement of the ordinance is not equal and .uniform.
Those streets are used by the public. The work necessary to maintain their cleanliness or to ensure freedom from excessive dust is a burden which the municipality can not impose upon particular persons and corporations; only because they own a franchise over .an adjacent way.
It can not be imposed by municipal ordinance in the manner here •attempted. The defendant can not be compelled to clean and •sprinkle streets not covered by its contract and over which it has no franchise. The dust raised by defendant’s cars, it may be, is carried by the winds to the streets near. The evidence does not disclose that such is a fact. Presumbly, however, it is, but defendant’s cars are not the only vehicles which raise the dust and it would scarcely be desirable equality to make it sprinkle all the dust.
The question may be propounded: Oan they not be made to sprinkle their own tracks and relieve their own road, as well as the adjacent streets, of the dust raised by their cars?
To this the answer immediately suggests itself: The ordinance being indefinite and uncertain, it would- serve no purpose to decide in this case the issue raised by the question.
■ Having determined that the ordinance in its entirety is unreason *1575 .able, we would not be justified in holding that it is reasonable and ■valid in so far as it affects defendant’s track.
In view of the “unreasonableness” of the present ordinance, ■both the streets and the tracks are unaffected thereby.
This conclusion relieves us from the necessity of passing upon the other points urged, as it finally disposes of plaintiff’s case. We do not think that we should subject ourselves to the examination of •every point and pass upon them, in view of the fact that it would .not add to or in any respect change the conclusion we have reached.
Whatever there may be in other points must be left to future consideration and decision, if ever they are again presented.
It is therefore ordered and adjudged that the judgment appealed -from is reversed, annulled and avoided; the ordinance is declared ■void, and the prosecution by the plaintiff against the defendant is •dismissed.